**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DANIEL McNOSKY, and SVEN STRICKER, *Plaintiffs,* | § | |
| | § | Case No. 1:13-CV-0631 SS |
| v. | § | |
| TEXAS GOVERNOR RICK PERRY, et al *Defendants.* | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CONSOLIDATE TRIAL**

TO THE HONORABLE SAM SPARKS:

The State Defendants, Texas Governor Rick Perry, Texas Attorney General Greg Abbott, and Commissioner of the Department of State Health Services David Lakey in their official capacities (State Defendants) moved to consolidate all three pending same-sex marriage cases pursuant to Rule 42(a) Federal Rules of Civil Procedure due to common questions of fact and law, for the convenience of the parties, witnesses, and the Court, to promote the just and efficient conduct of the actions, and to avoid a multiplicity of suits, duplication of testimony, and unnecessary expense and delay. Plaintiffs in one action agree that the cases should be consolidated, but plaintiffs in the other two actions oppose consolidation. As explained below, Plaintiffs' reasons for opposing consolidation are unfounded.

**CONSOLIDATION IS APPROPRIATE UNDER RULE 42(a)**

Rule 42(a) permits courts to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The three cases that State Defendants' seek consolidation of easily meet that requirement. All three cases involve common factual

assertions. Each alleges the Plaintiffs are either married in other States[1] or attempted to marry as a same-sex couple in Texas and had their marriage application denied by the County Clerk on those grounds.[2] All three cases involve common allegations of harm. In each, Plaintiffs allege loss of potential federal benefits result from the Plaintiffs' inability to marry as a same-sex couple.[3] All three cases involve common questions of law. Plaintiffs in each case raise the same constitutional challenges against the same Texas laws. Finally, all three cases involve common remedies. In each lawsuit, Plaintiffs seek the same injunctive and declaratory relief. [4]

**CONSOLIDATION WOULD BE EQUITABLE**

Not only would consolidation satisfy the requirements of Rule 42(a), it would promote judicial efficiency, reduce the time and expense of litigation for parties and courts alike, and eliminate the real danger of inconsistent rulings on important constitutional issues. In the Fifth Circuit, district courts "have been 'urged to make good use of Rule 42 (a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (quoting *Dupont v. So. Pacific Co*., 366 F.2d 193, 195 (5th Cir. 1966)). When assessing whether to consolidate actions, courts consider "whether the actions are pending before the same court; whether the actions involve a common party; any risk of prejudice or confusion from consolidation; the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; whether consolidation will reduce the time

[1] See Ex. "D" *DeLeon* Plaintiffs' Original Complaint, Dkt.#1 ¶ 18; and Ex. "C" *Zahrn* Plaintiffs' Original Complaint, Dkt.#1 ¶¶ 37,58..

[2] See *DeLeon* Complaint, ¶ 30; *Zahrn* Complaint, ¶¶ 47,59; and *McNosky* Plaintiffs' Second Amended Complaint, Dkt.#10, ¶ 8.

[3] See *DeLeon* Complaint,¶ 40; *Zahrn* Complaint,¶ 69; and see *McNosky* Complaint, ¶ 13.

[4] See DeLeon Complaint, Prayer ¶ a; *Zahrn* Complaint, Prayer ¶111; and see McNosky Complaint, Prayer ¶ A.

and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial." *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773 (W.D. Tex. Apr. 8, 2013). Applied to the three actions here, these factors favor consolidation for the following reasons.

First, State Defendants are parties in all three cases. Consolidation will promote efficiency and significantly reduce the time and expense of defending these nearly-identical lawsuits in separate cities. All of the written discovery and depositions in these three actions will undoubtedly focus on substantially the same facts and issues.

Second, consolidation will conserve judicial resources and avoid the serious risk of inconsistent rulings on the constitutionality of Texas's constitution and statutes. All three cases contain a constitutional challenge to the same constitutional provision and Texas statutes reserving marriage exclusively to opposite-sex couples, and each will be decided under the same federal and state law standards.

Third, all three cases are just at the beginning stage of litigation, and are ripe for consolidation. *Pedigo v. Rumba*, 2010 WL 2730463, at *1 (W.D. Tex, 2010); see also *Arnold & Co., LLC v. David K. Young Consulting, LLC*, 2013 WL 1411773, at *2 (W.D. Tex. 2013) (consolidating the cases in part because it "[c]onsolidation will not cause delay; the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"). No discovery has been undertaken in any of the cases nor have discovery conferences taken place. Plaintiffs in *McNosky* and *De Leon* have filed preliminary injunction applications seeking the same relief, but responses to those motions are not yet due and prompt consolidation would promote efficiency, save judicial resources, and avoid the risk of conflicting rulings.

Fourth, consolidation will not result in an unfair advantage for either side of this litigation, and there is no risk of confusion if these cases are consolidated given the nearly-identical factual and legal issues.

**PLAINTIFFS ASSERT NO VALID OBJECTIONS TO CONSOLIDATION**

In their Opposition, Dkt. 20, the *McNosky* plaintiffs argue that their case differs from the other two cases because they assert the suspect class is "sex" rather than "sexual orientation." Consolidation will not prejudice the *McNosky* plaintiffs' ability to assert this argument, and there is no reason the consolidated case cannot go forward with the assertion of two separate "suspect classes." The purpose of consolidation is to streamline the proceedings and avoid conflicting judgments, not to foreclose any plaintiff from making any particular legal argument.

The *McNosky* Plaintiffs' only other argument is that their case will be unduly delayed by joinder of other Plaintiffs because they do not need expert witnesses to prove their case. In all three cases, however, the need (or lack of need) for evidence will be determined by the court at the early stages of the case. If Texas law is subject to rational-basis review, no evidentiary development is appropriate. That is because on rational-basis review, a legislature's decision "is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993); s*ee also Nat'l Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1127 (7th Cir. 1995) ("Outside the realm of "heightened scrutiny" there is therefore never a role for evidentiary proceedings."). If, on the other hand, the court erroneously chooses to review Texas's marriage laws under heightened scrutiny, evidentiary development will likely be necessary, regardless whether the

*McNosky* plaintiffs want it. Disagreements among parties about trial strategy are not reason to deny consolidation of claims that are otherwise nearly identical. *See Richardson v. Michelin North America, Inc.*, 1998 WL 329387,*2 (W.D.N.Y.1998) (concluding that "a possible conflict between the Richardsons' trial strategy and the strategy (or strategies) of the other plaintiffs is not the type of prejudice that impacts the fairness of a trial or that otherwise weighs against consolidation pursuant to FRCP 42(a)").

Likewise, the *De Leon* plaintiffs' two grounds for opposing consolidation are meritless. First, the *De Leon* plaintiffs are concerned that the *McNosky* plaintiffs have "no litigation experience whatsoever," but if anything, that is a reason to favor consolidation. The *De Leon* and *Zahrn* plaintiffs and their counsel could mitigate any lack of experience and influence the resolution of the actions in a way not possible without consolidation. The *De Leon* plaintiffs' other objection is that they oppose being drafted into the class sought by the *Zahrn* plaintiffs. But consolidation would not impact the *Zahrn* plaintiffs' ability to oppose the *De Leon* class, and in fact they will have more influence on the class certification question if the actions are consolidated.

The *Zahrn* plaintiffs favor consolidation, but they oppose consolidation into the *McNosky* lawsuit. They argue instead that both the other two actions should be consolidated into the *Zahrn* lawsuit, and join the class Plaintiffs. They assert that "it is possible to litigate all the legal issues of all three cases under this class action." Dkt. 11, Response p.3. Whatever the case may be, that is an issue regarding class certification under Rule 23, not an obstacle to consolidation under Rule 42, and jockeying among the parties regarding their roles in the consolidated litigation is not a reason to deny

consolidation.

**CONCLUSION**

State Defendants' Motions to Consolidate should be granted.

Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation

s/ William T. Deane

WILLIAM T. DEANE
Texas Bar No. 05692500
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1534
(512) 320-0667 FAX
***ATTORNEY FOR DEFENDANTS GOVERNOR PERRY, ATTORNEY GENERAL ABBOTT, AND COMMISSIONER LAKEY***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent via CMF, email, and certified mail, return receipt requested on this 25th day of November 2013, to:

Christopher Daniel McNosky
5108 Pleasant Run
Colleyville, Texas 76034

Mary Louise Garcia
Office of Public Records and Civil Courts
1895 Courthouse
100 W. Weatherford
Fort Worth, TX 76196

Sven Stricker
3047 Bent Tree Ct
Bedford, Texas 76021

Barry A. Chasnoff
bchasnoff@akingump.com
Daniel McNeel Lane, Jr.
nlane@akingump.com
Frank Stenger-Castro
fscastro@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205
*Attorneys for Plaintiffs*

Jason P. Steed, SBN 24070671
BELL NUNNALLY & MARTIN, LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204
Phone: (214) 740-1411, Fax: (214) 740-5711
jasons@bellnunnally.com

James J. Scheske, SBN 17745443
JAMES J. SCHESKE PLLC
5501-A Balcones #109
Austin, TX 78731
Phone: (512) 371-1790, Fax: (512) 323-2260
jscheske@austin.rr.com

S. Leigh Jorgeson, SBN 24070026
(pro hac vice application pending)
Ian Pittman, SBN 24064131
(pro hac vice application pending)
JORGESON PITTMAN LLP
4505 Spicewood Springs Road, Suite 335
Austin, Texas 78759
Phone: (512) 320-0999, Fax: (512) 320-0025
leigh@jptexaslaw.com

*Attorneys for Plaintiffs*

/s/ William T. Deane
**WILLIAM T. DEANE**
Assistant Attorney General