IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL MCNOSKY | § | |
| AND SVEN STRICKER, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-631-SS |
| | § | |
| TEXAS GOVERNOR | § | |
| RICK PERRY, ET AL., | § | |
| Defendants. | § | |

_____

**DEFENDANT MARY LOUISE GARCIA'S MOTION TO DISMISS AND BRIEF AND
RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
_____

**RUSSELL A. FRIEMEL**
Assistant District Attorney
State Bar No. 07473500
CRIMINAL DISTRICT ATTORNEY'S OFFICE
TARRANT COUNTY, TEXAS
401 West Belknap Street, 9th Floor
Fort Worth, Texas 76196-0201
Tel. No.:  (817) 884-1233; Fax No.:  (817) 884-1675
**ATTORNEY FOR DEFENDANT
TARRANT COUNTY CLERK
MARY LOUISE GARCIA**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I. MOTION TO DISMISS AND RESPONSE ...........................................................................1

    A.  Preliminary Statement ...................................................................................................1

    B.  Procedural Background ..................................................................................................2

    C.  Grounds for Dismissal and Opposition to Injunctive Relief .........................................3

        1.  Defendant Garcia Does Not Have Enforcement Authority as to Sec. 2.001 ..........3

        2.  Injunctive Relief is Unnecessary to Adjudication of Plaintiffs' Rights..................4

II. BRIEF OF AUTHORITIES ...................................................................................................9

    A.  Appropriateness of Injunctive Relief ...........................................................................9

    B.  Availability of Injunctive Relief .................................................................................13

    C.  Rule 12(b)(6) Motion to Dismiss Standard.................................................................14

III. CONCLUSION ....................................................................................................................16

Signature ......................................................................................................................................16

Certificate of Service ...................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>FEDERAL CASES:</u>

<u>A & M Records, Inc. v. Napster, Inc.</u>,
  239 F.3d 1004 (9th Cir. 2001) ...................................................................................10

<u>Anderson v. U.S. Dep't of Hous. & Urban Dev.</u>,
  554 F.3d 525 (5th Cir. 2008) ....................................................................................14

<u>Ashcroft v. Iqbal</u>,
  129 S. Ct. 1937 (2009)...............................................................................................14

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544 (2007)...................................................................................................14

<u>Bery v. City of New York</u>,
  97 F.3d 689 (2d Cir. 1996).........................................................................................11

<u>Blackburn v. City of Marshall</u>,
  42 F.3d 925 (5th Cir. 1995) .......................................................................................14

<u>Cinel v. Connick</u>,
  15 F.3d 1338 (5th Cir. 1994), cert denied, 513 U.S. 868 (1994)...............................15

<u>Consolidation Coal Co. v. Disabled Miners of S.W. Va.</u>,
  442 F.2d 1261 (4th Cir. 1971) ...................................................................................11

<u>Virginia ex rel. Cuccinelli v. Sebelius</u>,
  728 F.Supp.2d 768 (E.D.Va. 2010), rev'd on other grounds, 656 F.3d 253 (4th Cir. 2011),
  cert. den., 133 S.Ct. 59...............................................................................................12

<u>eBay Inc. v. MercExchange, L.L.C.</u>,
  547 U.S. 388 (2006)...................................................................................................11

<u>Esteves v. Brock</u>,
  106 F.3d 674 (5th Cir. 1997) .......................................................................................4

<u>Faith Ctr. Church Evangelistic Ministries v. Glover</u>,
  462 F.3d 1194 (9th Cir. 2006) ...................................................................................10

<u>Franklin v. Massachusetts</u>,
  505 U.S. 788 (1992).....................................................................................................9

<u>Golden Gate Restaurant Ass'n.</u>, 2008 WL 90078, at *13, (9th Cir. Jan. 3, 2008) ........................11

<u>Gonzalez v. Kay</u>,
  577 F.3d 600 (5th Cir. 2009) .....................................................................................14

Harris County, Tex. v. CarMax Auto Superstores,
    177 F.3d 306 (5th Cir. 1999) .................................................................9

Jefferson v. Lead Indus. Ass'n., Inc.,
    106 F.3d 1245 (5th Cir. 1997) .............................................................15

K.P. v. LeBlanc,
    627 F.3d 115 (5th Cir. 2010) ............................................................4, 13

Mazurek v. Armstrong,
    520 U.S. 968 (1997).............................................................................10

Morales v. Trans World Airlines, Inc.,
    504 U.S. 374 (1992).............................................................................12

Okpalobi v. Foster,
    244 F.3d 405 (5th Cir. 2001) ..............................................................13

R2 Invs. LDC v. Phillips,
    401 F.3d 638 (5th Cir. 2005) ..............................................................14

Ramirez de Arellano v. Weinberger,
    745 F.2d 1500 (C.A.D.C. 1984)..........................................................12

Robicheaux v. Caldwell,
    2013 WL 6198279 (E.D.La., Nov. 27, 2013) ......................................13

Schiavo ex rel. Schindler v. Schiavo,
    430 F.3d 1223 (11th Cir. 2005) ...........................................................10

Seigel v. LePore,
    234 F.3d 1163 (11th Cir. 2000) ...........................................................10

Texas Medical Providers Performing Abortion Services, et al. v. Lakey, et al.,
    806 F.Supp.2d 942 (W.D. Tex. 2011)................................................6, 7

Textron Fin. Corp. v. Unique Marine, Inc.,
    2008 WL 4716965 (S.D.Fla. Oct. 22, 2008).........................................3

Tunick v. Safir,
    209 F.3d 67 (2d Cir. 2000)...................................................................11

United States v. Metro. Dade County, Fla.,
    815 F.Supp. 1475 (S.D.Fla. 1993) .......................................................10

Walters v. Nat'l Ass'n of Radiation Survivors,
    468 U.S. 1323 (1984)............................................................................11

Ex parte Young,
   209 U.S. 123 (1908)...................................................................................12, 13

**FEDERAL STATUTES:**

28 U.S.C. § 2201 ...........................................................................................1

28 U.S.C. § 2403 ...........................................................................................5

**STATE STATUTES:**

TEX. FAM. CODE ANN.  § 2.001..............................................1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 14, 15

TEX. FAM. CODE ANN.  § 2.001(a) ................................................................1

TEX. FAM. CODE ANN. § 2.001(b) ................................................................6

TEX. FAM. CODE ANN. § 2.012...................................................6, 8, 11, 15

Tex. Penal Code § 9.02 ..................................................................................8

Tex. Penal Code § 9.21(a) .............................................................................8

**RULES:**

FED.R.CIV.P. 5.1 ...........................................................................................5

FED.R.CIV.P. 12(b)(6) .....................................................................2, 14, 15

FED.R.CIV.P. 23 ...........................................................................................6

FED.R.CIV.P. 57 .......................................................................................1, 5

FED.R.CIV.P. 65 .......................................................................................2, 3

FED.R.CIV.P. 65(b)(1)(A) ............................................................................3

FED.R.CIV.P. 65(b)(1)(B)..............................................................................3

FED.R.EVID. 201(b) ...................................................................................15

FED. R. EVID. 201(d) ..................................................................................15

L.R.  7, Western District of Texas
   (http://www.txwd.uscourts.gov/Rules/Online/Civil/cv-7.pdf) ...............8, 9

**CONSTITUTIONAL PROVISIONS:**

Tex. Const. art. I, § 32 ..................................................................1, 2, 5, 7, 8

## <u>OTHER AUTHORITIES:</u>

Civil No. 1:13-cv-00955-SS, <u>Zahrn, et al. v. Perry, et al.</u>, in the United States District Court for the Western District of Texas ....................................................................................................7

Civil No. 5:13-CV-982-OLG, <u>Cleopatra De Leon, Nicole Dimetman, Victor Holmes, And Mark Phariss, v. Rick Perry, Greg Abbott, Gerard Rickhoff, Bexar County Clerk, et al.,</u> in the United States District Court for the Western District of Texas, San Antonio Division ...........7

Tex. S.B. 334, 75th Leg. R.S. (1997) (http://www.legis.state.tx.us/tlodocs/75R/analysis/html/SB00334S.htm)........................1, 2, 6

Tex. HJR 6, 79th R.S. (2005) <u>http://www.legis.state.tx.us/BillLookup/history.aspx?LegSess=79R&Bill=HJR6)</u>;................2

2005 Texas Secretary of State Constitutional Amendment Election, Prop. 2 (<u>http://elections.sos.state.tx.us/elchist.exe</u>) ................................................................................2

Op. Tex. Att'y Gen. M-1216 (1972) (https://www.oag.state.tx.us/opin/opindex.shtml) ..............15

Op. Tex. Att'y Gen. No. GA-1003 (2013) (https://www.oag.state.tx.us/opin/opindex.shtml) ......15

Janet Elliott, *Gay Marriage Ban Approved*, Houston Chronicle, November 9, 2005: ...................2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL MCNOSKY | § | |
| AND SVEN STRICKER, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-631-SS |
| | § | |
| TEXAS GOVERNOR | § | |
| RICK PERRY, ET AL., | § | |
| Defendants. | § | |

**DEFENDANT MARY LOUISE GARCIA'S MOTION TO DISMISS AND BRIEF AND RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendant Mary Louise Garcia, County Clerk for Tarrant County, Texas, submits this

Motion To Dismiss and Response to Plaintiffs' Amended Motion For Temporary Restraining

Order and Preliminary Injunction and shows the following:

## I.   MOTION TO DISMISS AND RESPONSE

A.   Preliminary Statement.   Defendant Mary Louise Garcia does not oppose declaratory

judgment action brought pursuant to 28 U.S.C. § 2201 in this case since such relief will

expeditiously determine the constitutionality of Texas Family Code, Sec. 2.001(a)[1] and Art. I,

Sec. 32 of the Texas Constitution under federal law and therefore the rights and obligations of

the parties.   Rule 57, Federal Rules of Civil Procedure, provides, in relevant part, that:  "The

---

[1] Texas Family Code, Sec. 2.001 (entitled "MARRIAGE LICENSE") states:
   (a) A man and a woman desiring to enter into a ceremonial marriage must obtain a marriage license from
       the county clerk of any county of this state.
   (b) A license may not be issued for the marriage of persons of the same sex.

The 75th Regular Legislative Session of Texas Legislature adopted Senate Bill (SB) 334 which, according to
the Bill Analysis "Prohibits a license for same sex marriages."   (Source: Texas Legislature Online
(http://www.legis.state.tx.us/tlodocs/75R/analysis/html/SB00334S.htm); accessed: 12/9/2013).

**TARRANT COUNTY CLERK'S MOTION TO DISMISS AND RESPONSE TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
CIVIL NO. 1:13-CV-631-SS (McNOSKY)   **PAGE 1**

court may order a speedy hearing of a declaratory-judgment action."   Defendant Garcia <u>does</u>

<u>oppose</u> <u>injunctive</u> <u>relief</u> pursuant to Rule 65, Federal Rules of Civil Procedure, on grounds that

injunctive relief as to her is unnecessary to a resolution of the controversy upon which this suit is

based.   Defendant Garcia moves for dismissal of Plaintiffs' claim for injunctive relief pursuant to

Rule 12(b)(6), FED.R.CIV.P.

    B.   <u>Procedural Background.</u>   The following chronology summarizes the events and

procedural background relevant to this case:

| | |
|---|---|
| **4/17/1997** | Senate Bill 334 signed by Texas Governor relating to enactment of provisions of Texas Family Code pertaining to marriage in Texas and issuance of marriage licenses by county clerks.  (SB 334 was codified as Texas Family Code, Sec. 2.001.) |
| **11/8/2005** | Article 1, Sec. 32, Tex. Const. adopted.[2] |
| **7/1/2013** | Plaintiffs allegedly applied for and were refused a marriage license. |
| **7/29/2013** | Complaint filed in Civil Action No.1:13-CV-631-SS. |
| **11/14/2013** | Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction filed. |
| **11/19/2013** | Defendant Mary Louise Garcia served by summons. |
| **11/23/2013** | Plaintiffs' Amended Motion for Temporary Restraining Order and Preliminary Injunction filed, seeking "preliminary injunction restraining the defendants from enforcing Art. I, Sec. 32 of the Texas Constitution, and Texas Family Code, Title 1, Subtitle A; Chapter 2; Subchapter A; Section 2.001(b) . . . ." |

---

[2] TEX. CONST., Art. I. Sec. 32 (entitled "MARRIAGE") states:
    (a)  Marriage in this state shall consist only of the union of one man and one woman.
    (b)  This state or a political subdivision of this state may not create or recognize any legal status identical
       or similar to marriage.

The 79th Regular Legislative Session of Texas Legislature adopted HJR 6 which provided for a constitutional amendment banning same-sex marriage to be placed on the November 8, 2005 election ballot as Proposition 2 for statewide referendum.  (Source: Texas Legislature Online (http://www.legis.state.tx.us/BillLookup/history.aspx?LegSess=79R&Bill=HJR6); accessed: 12/9/2013).
Seventy-six per cent (76%) of Texas voters voted in favor of Proposition 2.  (Source: Texas Secretary of State. 2005 Constitutional Amendment Election, Texas Secretary of State (http://elections.sos.state.tx.us/elchist.exe) ; accessed: 12/9/2013.)
Texas was the 18th state to enact such a ban.  <u>Houston Chronicle</u> (November 9, 2005), "Gay marriage ban approved" by Janet Elliott; accessed: 12/9/2013 (http://www.chron.com/default/article/Gay-marriage-ban-approved-1925874.php)).

Rule 65 (entitled "Injunctions and Restraining Orders"), FED.R.CIV.P., in relevant part, states:

> (a) Preliminary Injunction.
>    (1) *Notice*. The court may issue a preliminary injunction only on notice to the adverse party.
>    (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the <u>hearing on a motion for a preliminary injunction</u>, the court may <u>advance the trail on the merits and consolidate it with the hearing</u>.

(Underline added.)   A court may issue a temporary restraining order without notice to the adverse parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(b)(1)(A) and (B), FED.R.CIV.P.   "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided." <u>Textron Fin. Corp. v. Unique Marine, Inc.</u>, 2008 WL 4716965, at *5 (S.D.Fla. Oct. 22, 2008).  This Response is filed pursuant to the Court's Order (Docket #29), requiring responses by Defendants to Plaintiffs' Amended Motion For Temporary Restraining Order and Preliminary Injunction to be filed by December 27th.

   C.  <u>Grounds for Dismissal and Opposition to Injunctive Relief.</u>  Defendant Garcia submits the following grounds for dismissal of Plaintiffs' claims and denial of injunctive relief:

   **1.  *Defendant Garcia Does Not Have Enforcement Authority as to Sec. 2.001*.**  Plaintiffs seek to enjoin Defendants, including Defendant Garcia, from "enforcing" Sec. 2.001 (Amended Motion For Temporary Restraining Order and Preliminary Injunction, ¶23).  Defendant Garcia is required to comply with Sec. 2.001 but has no authority or duty to enforce compliance with Sec. 2.001.  The U. S. Fifth Circuit Court of Appeals has noted the following:

The Eleventh Amendment "generally precludes actions against state officers in their official capacities." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir.2004). The Supreme Court's decision in *Ex parte Young* created an exception for claims for prospective relief. 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The *Ex parte Young* doctrine "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." *Puerto Rico Aqueduct*, 113 S.Ct. at 688. For *Ex parte Young* to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir.1992).

In <u>K.P. v. LeBlanc</u>, 627 F.3d 115, 124 (5th Cir. 2010), the Fifth Circuit explained that "a state actor must be connected with an act's 'enforcement' for the [*Ex parte Young*] exception to apply," and that "'[e]nforcement' typically involves compulsion or constraint." In <u>Esteves v. Brock</u>, 106 F.3d 674, 678 (5th Cir. 1997), the U. S. Fifth Circuit noted that: "In *Echols v. Parker* [909 F.2d 795, 801 (5th Cir.1990)] we found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law. A county official 'pursues his duties as a state agent when he is enforcing state law or policy.'" The County Clerk is required to comply with Sec. 2.001 in issuing marriage licenses but does not take any action to institute proceedings or otherwise take affirmative action to "enforce" compliance with the statute.

*2.* ***Injunctive Relief Is Unnecessary to Adjudication of Plaintiffs' Rights.*** Injunctive relief is not necessary in this case because the Plaintiffs have not alleged that the County Clerk would not abide by a declaratory judgment issued by the federal district court or a holding of the U. S. Fifth Circuit Court of Appeals or that she has given any indication that she intends to act pursuant to Texas law regardless of the federal court's declaratory judgment determination as to the constitutionality of Texas law. Declaratory judgment action to decide the constitutionality of Texas law can be disposed of just as quickly as deciding a motion for preliminary injunction based on constitutionality of Texas law. A declaratory judgment can also decide the constitutionality of Texas more effectively and conclusively than a ruling on a preliminary

injunction.  As noted, Rule 57, FED.R.CIV.P., provides that:  "The court may order a speedy hearing of a declaratory-judgment action."

The Texas Attorney General is best suited to enforce and defend the validity of a statute or provision of the Texas Constitution.  The Tarrant County Clerk does not need to be a party to a declaratory judgment action to determine the constitutionality of state law since the Plaintiffs have not stated the County Clerk intends to follow state law regardless of the determination of its constitutionality by a federal court.  Defendant Garcia takes no stand on the constitutionality of Tex. Family Code Ann. Sec. 2.001 or Tex. Const. Art. I, Sec. 32.  Defendant Garcia does not have the resources or expertise or duty to defend the substantive provisions of state constitutional or statutory law that, according to Plaintiffs, violate Plaintiffs' rights under the United States Constitution.  The task of defending and enforcing state constitutional and statutory law is within the authority and responsibility of the Texas Attorney General.  Both Rule 5.1, Fed. R. Civ. Proc. (entitled "Constitutional Challenge to a Statute – Notice, Certification, and Intervention") and 28 U.S.C. § 2403 (entitled "Intervention by United States or a State; constitutional question") recognize that the state attorney general is entitled to defend a state statute which is challenged on constitutional grounds.  The Attorney General's Office has not advised the County Clerk that it will represent her or respond to this suit on her behalf or it has authority to represent her as a defendant in this action.  The Attorney General's Office has indicated by its actions thus far in this case that it will defend Tex. Family Code Ann. Sec. 2.001 and Tex. Const. Art. I, Sec. 32 in the district court and presumably will do so on appeal regardless of the outcome in district court. To grant an injunction ordering the County Clerk to issue a marriage license to Plaintiffs would be premature, given the likelihood of appeal by the State or the Plaintiffs.  Plaintiffs' action for declaratory judgment and injunctive relief is directed at a state law, not a Tarrant County

ordinance or policy or local departmental policy, rule or requirement of the County Clerk of Tarrant County.

In 1997, the Texas Legislature added the following text to the Family Code (Sec. 2.001(b)): "A license may not be issued for the marriage of persons of the same sex."  The Seventy-fifth Legislature enacted Section 2.001 (SB 334) in 1997, effectively allowing only one man and one woman to obtain a marriage license from a county clerk.  The Texas Legislature explicitly prohibited a county clerk from granting a license to two people of the same gender and further enacted Sec. 2.012 (entitled "VIOLATION BY COUNTY CLERK; PENALTY") which provides:

> A county clerk or deputy county clerk who violates or fails to comply with this subchapter commits an offense.  An offense under this section is a misdemeanor punishable by a fine of not less than $200 and not more than $500.

See legislative history of SB 334 (75th Legislative Session, Regular Session) at http://www.legis.state.tx.us/billlookup/billnumber.aspx.  This suit was filed on July 29, 2013.  Plaintiffs waited 105 days after suit was filed before obtaining service of process on Defendant Garcia on November 19, 2013.  (Docket #30)  Plaintiffs did not file their initial motion for temporary restraining order and preliminary injunction until November 14, 2013 and have not shown any urgent need for issuance of injunctive relief.  Defendant Garcia had not been previously contacted by Plaintiffs regarding a possible or planned suit to challenge Sec. 2.001 or asked by Plaintiffs about her willingness to refrain from complying with Sec. 2.001 if a federal court issued a declaratory judgment finding the statute unconstitutional.

In Texas Medical Providers Performing Abortion Services, et al. v. Lakey, et al., 806 F.Supp.2d 942, 952 (W.D. Tex. 2011), involving the challenge to the Texas sonogram law (HB15), this Court granted the Plaintiffs' Rule 23 motion to certify the County Attorney for

Travis County as the representative of the defendant class 'consisting of all county and district attorneys in the State of Texas with authority to prosecute misdemeanors . . . .'"  In that case, the Court noted that Plaintiffs had named as a defendant "David Escamilla, the County Attorney for Travis County, in his official capacity and as a representative of the proposed class of all county and district attorneys in the State of Texas with authority to prosecute misdemeanors."  Id. at 949.  Now pending before this Court, is another suit against the County Clerk for Travis County which also seeks injunctive and declaratory relief as to Sec. 2.001:  No. 1:13-cv-00955-SS, *Zahrn, et al. v. Perry, et al.*  In this case, Plaintiffs have sued for injunctive relief only the county clerk for Tarrant County which did not issue a marriage license to Plaintiffs in compliance with state law.  The Attorney General has filed a motion in this case (Docket #17) to consolidate this case, the Travis County case and another similar case in the San Antonio Division including the County Clerk for Bexar County:  No. 5:13-CV-982-OLG, *Cleopatra De Leon, Nicole Dimetman, Victor Holmes, And Mark Phariss, v. Rick Perry, Greg Abbott, Gerard Rickhoff, Bexar County Clerk, et al.*  Declaratory judgment in No. 1:13-cv-00955-SS, *Zahrn, et al. v. Perry, et al.*, in which all the parties and attorneys are located in Travis County could effectively dispose of all three cases, conclusively decide the issue of the constitutionality of Family Code Sec. 2.001 and Texas Constitution Art. I, Sec. 32., and minimize the expenditure of resources of the Court and litigants.

The only action of Defendant Garcia has been adherence to mandated procedures of existing state law.  Neither Section 2.001 of the Texas Family Code nor any of the other provisions of Texas law impose any specific or additional duties on Defendant or other county clerks to take affirmative action to enforce or defend Texas law against federal constitutional challenge.  As noted, the Texas Legislature explicitly criminalized a county clerk's failure to comply with Sec.

2.001 of the Texas Family Code.  A preliminary injunction compelling the County Clerk to issue a marriage license to Plaintiffs would require her to violate Sec. 2.001 and subject her to possible criminal prosecution under Sec. 2.012.  Texas Penal Code, Sec. 9.02 provides that: "It is a defense to prosecution that the conduct in question is justified under this chapter."  Texas Penal Code, Sec. 9.21(a) provides that: "Except as qualified by Subsections (b) and (c) [relating to use of force and deadly force respectively], conduct is justified if the actor reasonably believe the conduct is required or authorized by law, by the judgment or order a competent court or other governmental tribunal, or in the execution of legal process."  A final declaratory judgment of this Court that Sec. 2.001 is unconstitutional would enable Defendant Garcia to issue a marriage license to Plaintiffs.  Defendant Garcia did nothing and does nothing different from what the other 253 county clerks in Texas are required to do in regard to Sec. 2.001 and an injunctive order against her would not further resolution of the constitutionality of Sec. 2.001.

Plaintiffs have not stated why injunctive relief was sought without first contacting Defendant Garcia to determine whether she would abide by a federal court declaratory judgment finding Tex. Const. Art. I, Sec. 32 or Family Code, Sec. 2.001 unconstitutional.  Plaintiffs have not shown why such contact was impracticable or not feasible before filing their motion for preliminary injunction on November 14, 2013 even though more than three (3) months had elapsed since suit was filed and more than four (4) months elapsed since they were allegedly denied a marriage license.

Rule 7 of the Local Court Rules (On-line Edition; effective April 26, 2012) for the Western District (http://www.txwd.uscourts.gov/Rules/Online/Civil/cv-7.pdf) states:

(i) Conference Required. The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by

agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

Additionally, Local Rule 7 states:

(c) Dispositive Motion Defined. For purposes of this rule, a "dispositive motion" is a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment or partial summary judgment, a motion for new trial, or a motion for judgment as a matter of law.

Under the Local Rules for the Western District, it does not appear that a motion for a temporary restraining order or preliminary injunction is a dispositive motion for which no conference is required.

## II.  BRIEF OF AUTHORITIES

Defendant Garcia submits the following authorities and analysis in support of her motion to dismiss Plaintiffs' claims against her and in support of her response to Plaintiffs' action for injunctive relief:

A. Appropriateness of Injunctive Relief.  The U. S. Fifth Circuit Court of Appeals has recognized that any injunctive relief is considered "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." Harris County, Tex. v. CarMax Auto Superstores, 177 F.3d 306, 312 (5th Cir. 1999) (quoting White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989)).  The Supreme Court has made clear, absent evidence to the contrary, a court should assume that government officials are likely to conform their conduct to an authoritative construction of a statute contained in a declaratory judgment even though not coupled with a coercive injunctive order. Franklin v. Massachusetts, 505 U.S. 788, 803 (1992).

The Supreme Court has also held that: "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948 (2d ed.1995)). The moving party must demonstrate either "(1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." Faith Ctr. Church Evangelistic Ministries v. Glover, 462 F.3d 1194, 1201–02 (9th Cir. 2006) (internal quotation marks omitted) (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001)). These formulations are not different tests but rather "two points on a sliding scale." Id. at 1202 (quoting Associated Gen. Contractors of Cal. v. Coal. for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir.1991)). "[T]he required degree of irreparable harm increases as the probability of success decreases." A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) (quoting Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000)).

The standards of review for a temporary restraining order and a preliminary injunction are the same. United States v. Metro. Dade County, Fla., 815 F.Supp. 1475, 1477 (S.D.Fla. 1993). To obtain a temporary restraining order, a party must demonstrate: "(1) [that there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 430 F.3d 1223, 1225–26 (11th Cir. 2005); accord Seigel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

The standard to determine whether a permanent injunction is warranted has been articulated by the Supreme Court as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (internal citations omitted). If a permanent injunction is warranted, it "should be tailored to restrain no more than what is reasonably required to accomplish its ends." Consolidation Coal Co. v. Disabled Miners of S.W. Va., 442 F.2d 1261, 1267 (4th Cir. 1971).

All laws passed by state legislatures are entitled to a presumption of validity and that presumption is an equity to be considered in favor of the State when balancing hardships. See Walters v. Nat'l Ass'n of Radiation Survivors, 468 U.S. 1323, 1324 (1984). For that reason, in cases "in which 'the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme,' the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Bery v. City of New York, 97 F.3d 689, 694 (2d Cir. 1996) (citing Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989)); Tunick v. Safir, 209 F.3d 67, 70 (2d Cir. 2000). Cf. Golden Gate Restaurant Ass'n., 2008 WL 90078, at *13, 2008 U.S.App. LEXIS 364, at *37 (stating that to overcome the public interest factor, it must be "obvious" that the law is invalid). In this case, an injunction against the Tarrant County Clerk is not needed and not warranted under the facts of this case. The "public interest" would be disserved by an injunction that would require the Clerk to issue marriage licenses in violation of Sec. 2.001 when Sec. 2.012 would criminalize that act.

In Virginia ex rel. Cuccinelli v. Sebelius, 728 F.Supp.2d 768, 790 (E.D.Va. 2010), rev'd on other grounds, 656 F.3d 253 (4th Cir. 2011) (holding that Virginia could not challenge the "individual mandate" provision in Affordable Care Act for lack of Article III standing), cert. den., 133 S.Ct. 59, the federal district court noted:

> Historically, federal district courts have been reluctant to invoke the extraordinary remedy of injunctive relief against federal officers where a declaratory judgment is adequate. "[W]e have long presumed that officials of the Executive Branch will adhere to the law as declared by the court. As a result, the declaratory judgment is the functional equivalent of an injunction." *Comm. on the Judiciary of the United States House of Representatives v. Miers*, 542 F.3d 909, 911 (D.C.Cir.2008); *see also Smith v. Reagan*, 844 F.2d 195, 200 (4th Cir.1988); *Sanchez–Espinoza v. Reagan*, 770 F.2d 202, 208 n. 8 (D.C.Cir.1985). The Commonwealth appears to concede that if the Secretary is duty-bound to honor this Court's declaratory judgment, there is no need for injunctive relief. (Pl.'s Reply Mem. 19.) In this Court's view, the award of declaratory judgment is sufficient to stay the hand of the Executive branch pending appellate review.

No different general conclusion as to the willingness to respect and abide by a federal declaratory judgment should be drawn as to state officials or local officials acting in an official capacity as agents of the state. In Morales v. Trans World Airlines, Inc., 504 U.S. 374, 382 (1992), the Supreme Court held that the plaintiff properly invoked Ex parte Young because "the attorneys general ... had made clear that they would seek to enforce the challenged portions of the guidelines ... through suits under their respective state laws"). Defendant Garcia complies with state law but does not "seek to enforce" Sec. 2.001 "through suits under … state laws." In Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1532 (C.A.D.C. 1984), the court stated:

> The express purpose of the Declaratory Judgment Act was to create a milder, less coercive form of relief than the injunctive remedy.[FN137] Although in some contexts, a declaratory judgment may have the same adverse effect on the defendants and the public as injunctive relief,[FN138] in most situations a declaratory judgment is less intrusive than a specific injunctive order.[FN139] Such is the case here. In assessing the propriety of declaratory relief, the equities in favor of granting the plaintiffs relief for constitutional violations remain equally strong, while any prudential considerations that may detract from the propriety of injunctive relief on the plaintiffs' asserted facts are even weaker.
>     FN 137. 28 U.S.C. § 2201 (1982); E. Borchard, Declaratory Judgments 3–15 (2d ed. 1941); 10A C. Wright & A. Miller, Federal Practice &

Procedure § 2751 (2d ed. 1983); See Developments in the Law—
Declaratory Judgments, 62 Harv.L.Rev. 787, 787–90, 874 (1949).
    FN 138. See *Samuels v. Mackell*, 401 U.S. 66, 69–74, 91 S.Ct. 764, 766–
768, 27 L.Ed.2d 688 (1971) (where state criminal prosecution had begun
prior to federal suit, injunctive and declaratory relief had same effect and
must be judged by the same standards).
    FN139. See sources cited supra note 137.
A declaration of the plaintiffs' rights could provide the defendants with options
for compliance that a specific injunctive order might not.

Defendant Garcia intends to abide by this Court's declaratory judgment unless such judgment

is reversed or stayed on appeal.  In the event this Defendant threatens to disregard a federal

declaratory judgment and adhere to state law should that state law be declared unconstitutional,

the Court is of course free to reconsider the necessity of injunctive relief against Defendant

Garcia.

    B.   Availability of Injunctive Relief.   Defendant Garcia contends that plaintiffs must

allege that she has both a particular duty to enforce the challenged provisions in question and a

demonstrated willingness to exercise that duty.  Okpalobi v. Foster, 244 F.3d 405, 411 (5th Cir.

2001); K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010) (explaining that "a state actor must be

connected with an act's 'enforcement' for the [Ex parte Young] exception to apply," and that

"'[e]nforcement' typically involves compulsion or constraint." (citations omitted)).    In

Robicheaux v. Caldwell, 2013 WL 6198279, at *1 (E.D.La., Nov. 27, 2013), the Court

determined that the Louisiana Attorney General's "defense" of an amendment to the Louisiana's

state constitution and state statute precluding recognition of same-sex marriage did not constitute

sufficient "connection" to enforcement to qualify as an exception to Eleventh Amendment

immunity under Ex Parte Young, holding no immunity is available where a state actor enforces

an unconstitutional law.  Ex parte Young, 209 U.S. 123 (1908).  Defendant Garcia's mere

compliance with state law does not even rise to the level of defense of the statute.  The validity

of Sec. 2.001 is a matter of statewide importance and ordering Defendant Garcia to issue a marriage license to Plaintiffs does not further resolution of the statute's validity.

C.  Rule 12(b)(6) Motion To Dismiss Standard.  To avoid a motion to dismiss under Rule 12(b)(6), FED.R.CIV.P., a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "demands more than" alleging that "the-defendant-unlawfully-harmed-me ...."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws."  Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008)(citation omitted).  The claims must include enough factual allegations "to raise a right to relief above the speculative level ...."  Twombly, 550 U.S. at 555.

Courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."  R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005).  Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  See Iqbal, 129 S.Ct. at 1949.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a plausible claim to relief.  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(internal quotations and citation omitted).  Plaintiffs' conclusory claims do not allege any plausible factual or legal grounds on which declaratory or injunctive relief could be based.  Defendant has merely complied with state law – Sec. 2.001 – and has no practical connection to the "enforcement" of

Sec. 2.001.  Defendant Garcia neither established the requirements for or restrictions on marriage in Texas nor can she repeal them or modify them.  The State of Texas however through the actions of the Legislature can amend or repeal Sec. 2.001 and through the actions of the Attorney General can determine the manner and extent to which Sec. 2.001 is enforced.  The Texas Attorney General's Office has issued Opinion No. M-1216 (dated September 14, 1972) which concludes that "The County Clerks in Texas are not authorized to issue marriage licenses to two persons of the same sex" and Opinion No. GA-1003 (dated April 29, 2013) stating that "Article I, section 32 of the Texas Constitution prohibits political subdivisions from creating a legal status of domestic partnership and recognizing that status by offering public benefits based upon it."[3] The Texas Legislature has gone so far as to criminalize a clerk's failure to comply with Sec. 2.001 by enacting Sec. 2.012 of the Family Code.

The Court may take judicial notice of public records of a governmental body when deciding a Rule 12(b)(6) motion.  Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994), cert denied, 513 U.S. 868 (1994); Jefferson v. Lead Indus. Ass'n., Inc., 106 F.3d 1245, 1250, n. 14 (5th Cir. 1997)("The Court may take judicial notice of the contents of public records on a Rule 12(b)(6) motion.").  Rule 201(b), FED. R. EVID., provides that, when requested by a party, a court may take judicial notice of a fact that is "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(d)("The court may take judicial notice at any stage of the proceeding.").

---

[3]  Opinions of the Texas Attorney General can be accessed at:  https://www.oag.state.tx.us/opin/opindex.shtml

### III.  CONCLUSION

Based on the foregoing authorities and undisputed facts and circumstances involved in this case, injunctive relief against Defendant Mary Louise Garcia should be denied at this time and Plaintiffs' claim against Defendant Mary Louise Garcia should be dismissed.

Respectfully submitted,

s/  Russell A. Friemel
**RUSSELL A. FRIEMEL**
Assistant District Attorney
State Bar No. 07473500
Tarrant County Criminal District Attorney's Office
Civil Division
401 West Belknap Street, 9th Floor
Fort Worth, Texas 76196-0401
Tel. No.: 817/884-1233; FAX:  (817) 884-1675
**ATTORNEY FOR DEFENDANT**
**TARRANT COUNTY CLERK**
**MARY LOUISE GARCIA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 10, 2013, I electronically filed the foregoing document with the Clerk of the Court for the U. S. District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electric means:

Mr. Christopher Daniel McNosky
5108 Pleasant Run
Colleyville, Texas 76034          **Email:  cmcnosky@gmail.com**
PLAINTIFF PRO SE

Mr. Sven Stricker
3047 Bent Tree Court
Bedford, Texas 76021          **Email:  ststravis@gmail.com**
PLAINTIFF PRO SE

Mr. William T. Deane
Office of the Attorney General
General Litigation Division-019
P.O. Box 12548
Austin, Texas 78711-2548          **Email:  Bill.Deane@texasattorneygeneral.gov**
ATTORNEY FOR DEFENDANTS
HONORABLE RICK PERRY &
GENERAL GREG ABBOTT

s/ Russell A. Friemel_____
**RUSSELL A. FRIEMEL**